IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DEWAYNE LEE,<br><br>    Petitioner,<br><br>    v.<br><br>On Habeas Corpus,<br><br>    Respondent.<br>_____/ | 1:12-cv-01514 MJS (HC)<br><br>ORDER GRANTING TRANSFER OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Doc. 11) |

    Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

    On September 7, 2012, Petitioner filed the instant petition with the Court. (Pet., ECF No. 1.) Respondent was ordered to respond to the Petition on September 20, 2012, and did so by way of filing a request to transfer the matter to the United States District Court, Central District of California. (Order, Request to Transfer, ECF Nos. 7, 11.) For the reasons discussed below, the request to transfer the petition is GRANTED.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

-1-

found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

However, venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court for the district where such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In this case, as Respondent correctly notes, Petitioner is challenging the judgment relating to his conviction in Orange County, California. As Orange County is located in the Central District of California, all of the material events, records, and witnesses are located in that district. In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

The Court notes that there also is a pending November 26, 2012, motion by Petitioner for appointment of counsel. The Court shall reserve judgment on the motion in light of the pending transfer of the matter.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to transfer the matter to the United States District Court for the Central District of California is GRANTED.
2. The Court reserves judgment on Petitioner's motion to appoint counsel.

IT IS SO ORDERED.

Dated:   December 27, 2012        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE